```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

LAWRENCE STEPHENS,             )
                               )
        Plaintiff,             )
                               )    No. 4:08CV01611 FRB
                               )
    v.                         )
                               )
                               )
TOWER AUTOMOTIVE PRODUCTS      )
COMPANY, INC.,                 )
                               )
        Defendant.             )

**MEMORANDUM AND ORDER**

Presently before this Court is Tower Automotive Post-Consummation Trust's ("Tower Trust") Motion to Dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 4/filed October 20, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The instant Motion to Dismiss was filed by Tower Trust as successor to defendant Tower Automotive Products Company, Inc. ("TAPC"). Therein, Tower Trust alleges, and plaintiff does not dispute, the following facts. On February 2, 2005, Tower Automotive, Inc. and its debtor subsidiaries, including TAPC, filed voluntary petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). On July 12,

1

2007, the Bankruptcy Court confirmed the debtors' joint bankruptcy plan and issued a Confirmation Order, which provided, inter alia, that all parties and entities were enjoined from commencing any action against the estate after July 31, 2007.  Pursuant to this Confirmation Order, the debtors published a "Notice of Confirmation" in several newspapers, including USA Today, The Wall Street Journal, and The New York Times.  The Bankruptcy Court also issued a subsequent order establishing a bar date of October 17, 2007 for the filing of certain administrative claims.  The bankruptcy case remains pending in the Bankruptcy Court.

On August 15, 2008, plaintiff filed a Petition against TAPC in the Circuit Court for St. Louis County, Missouri, and the matter was subsequently removed to this Court.  In his Petition, plaintiff alleged that, while employed by Penske Logistics, he was a business invitee on TAPC's premises, and sustained injuries in a slip and fall accident.[1]

In the instant Motion to Dismiss, Tower Trust argues that plaintiff's Petition should be dismissed with prejudice, inasmuch as plaintiff filed his claim after the claims bar date specified by the Bankruptcy Court.  In his response, plaintiff argues, inter alia, that he wishes to move the Bankruptcy Court for leave to file his claim, and requests that this Court to hold the instant matter

---

[1]In his Memorandum in opposition to the instant Motion to Dismiss, plaintiff indicated that he pursued a workers' compensation claim against his employer, and that the matter was concluded in July of 2008.

2

in abeyance to allow him to pursue relief in the Bankruptcy Court.

While both parties argue several issues related to plaintiff's creditor status, the nature of his claim, and the type of notice to which he was entitled, resolution of those issues at present would be premature. According to Federal Rule of Bankruptcy Procedure 9006(b)(1), a bankruptcy court may, in its discretion, permit a late filing in a Chapter 11 bankruptcy proceeding where excusable neglect is shown, making no distinction between "known" and "unknown" creditors. <u>Pioneer Investment Services Co. v. Brunswick Associates, L.P.</u>, 507 U.S. 380, 388-89 (1993); <u>see</u> <u>also</u> <u>In re US Airways, Inc.</u>, 2005 WL 3676186, 7 (Bkrtcy E.D. VA., 2005) (citing <u>Pioneer</u> and noting that rule 9006(b)(1) makes no distinction between "known" and "unknown" creditors). Inasmuch as it appears that plaintiff may be able to seek a remedy in the Bankruptcy Court in the pending bankruptcy action, and inasmuch as the Bankruptcy Court has jurisdiction to determine the effect of its own orders, the undersigned determines that the most prudent course is to hold the instant matter in abeyance to allow plaintiff to proceed first in the Bankruptcy Court. Subsequently, Tower Trust may renew its Motion to Dismiss if appropriate.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Tower Automotive Post-

Consummation Trust's Motion to Dismiss (Docket No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall file a notice with this Court if, and when, he files a pleading in the pending bankruptcy proceeding seeking relief in the Bankruptcy Court.

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 2009.